UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-2945-ODW (KS)                                    Date: May 9, 2022

Title   *German Esparza v. Ken Clark*

Present: The Honorable   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: n/a         Attorneys Present for Respondent: n/a

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.   The Petition**

On April 29, 2022, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.) The Petition is directed at a November 14, 2000 murder conviction in the Los Angeles County Superior Court (case no. VA048797). (*Id.* at 2.)

The sole claim in the Petition alleges that "Senate Bill 1437 gives [Petitioner] the opportunity for a resentence because he was not the shooter." (*Id.* at 5.) In support for his claim, Petitioner argues that "Senate Bill 1437 was enacted to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Id.*)

**II.   Petitioner's Prior State and Federal Court Proceedings**

According to Petitioner's publicly available state court records,[1] Petitioner was convicted in 1999[2] of one count of murder with malice aforethought. *See People v. Esparza*, No. B301349,

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

[2] The Petition reflects November 14, 2000 as Petitioner's date of conviction. (Dkt. No. 1 at 1.) However, Petitioner's state court records establish that the state court of appeal issued its decision on direct appeal on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2945-ODW (KS)                                        Date: May 9, 2022

Title   *German Esparza v. Ken Clark*

2020 WL 6778636, at *1-2 (Cal. Ct. App. Nov. 18, 2020). The jury also found true firearm enhancements – including the personal use of a firearm – and a gang enhancement. *Id.* The Petition reflects that the trial court sentenced Petitioner to an indeterminate term of 25 years to life in state prison. (Dkt. No. 1 at 1.)

Petitioner appealed the judgment of conviction to the California Court of Appeal, and that court affirmed the judgment on November 13, 2000. *People v. Rodriguez, supra*, No. B134514. The California Supreme Court denied review on February 28, 2001. *People v. Esparza*, No. S093826 (Cal. Feb. 28, 2001), *available at https://appellatecases.courtinfo.ca.gov* (last visited May 9, 2022).

Petitioner does not allege that he filed any state habeas petitions challenging his judgment of conviction, and his state court records do not reflect any habeas petition being filed in any state court. (Dkt. No. 1 at 3.)

On August 31, 2001, Petitioner filed a federal habeas petition. *See Esparza v. Lamarque*, CV 01-7606-AHM-Mc, at dkt. no. 1. The District Court denied the petition without prejudice on August 14, 2002. *Id.* at dkt. no. 9.

On January 1, 2019, the State of California enacted Senate Bill 1437. *People v. Lamoureux*, 42 Cal. App. 5th 241, 247 (Cal. Ct. App. 2019.) The newly enacted law restricted the application of California's felony murder rule and the natural and probable consequences doctrine, as applied to murder, by amending the murder statute to provide that a participant in a specified felony is liable for murder for a death during the commission of the offense only if the person was the actual killer, aided and abetted a first-degree murder with the intent to kill, or was a "major participant in the underlying felony and acted with reckless indifference to human life." *Id.* at 248. The new law also "added a crucial limitation" to the "malice" required to prove second degree murder in California, specifically, that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." *Id.* at 248-49. Finally, the new law "added section 1170.95 to the Penal Code," which "permits a person convicted of felony murder or murder under a natural and probable

---

November 13, 2000. *People v. Rodriguez et al.*, No. B134514 (Cal. Ct. App. Nov. 13, 2000), *available at https://appellatecases.courtinfo.ca.gov* (last visited May 9, 2022). Those records also reflect that the trial court sentenced Petitioner on July 13, 1999. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2945-ODW (KS)                                                  Date: May 9, 2022

Title   <u>German Esparza v. Ken Clark</u>

consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts" if certain conditions are met. *Id.* at 249.

On March 12, 2019, Petitioner petitioned the trial court for resentencing under section 1170.95, and that court denied the petition. *People v. Esparza*, 2020 WL 6778636, at *2. On November 18, 2020, in a reasoned decision, the California Court of Appeal denied Petitioner's appeal of the denial of Petitioner's section 1170.95 petition. *Id.* at *5. The California Supreme Court dismissed the petition for review of the state court of appeal's decision on December 15, 2021. *People v. Esparza*, No. S266303 (Cal. Dec. 15, 2021), *available at* https://appellatecases.courtinfo.ca.gov (last visited May 9, 2022).

**III.   Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128.

A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Boyd*, 147 F.3d at 1128. **Accordingly, for the reasons outlined below, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely and the sole claim therein is not cognizable in federal court. To discharge this Order and avoid dismissal, Petitioner must, no later than May 23, 2022, file a First Amended Petition that establishes that this action is timely, and that Petitioner raises a cognizable, federal claim.**

**IV.   The Petition is Facially Untimely**

The Petition is subject to summary dismissal with prejudice because it is facially untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 22-2945-ODW (KS) | Date: May 9, 2022 |
| Title   German Esparza v. Ken Clark | |

petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010).

The section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most cases, the commencement of a state prisoner's limitations period will be governed by section 2244(d)(1)(A). *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Here, as discussed in detail below, there are no facts articulated in the Petition that would trigger an alternative commencement date under section 2244(d)(1).

As noted above, the California Supreme Court denied review of Petitioner's direct appeal on February 28, 2001. *People v. Esparza, supra*, No. S093826. Petitioner does not allege, and there are no facts to indicate, that he filed a petition for certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA's statute of limitations, **Petitioner's conviction became final on May 29, 2001**, ninety days after the California Supreme Court denied his petition for review on direct appeal. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (1999) ("[T]he period of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2945-ODW (KS)                                                    Date: May 9, 2022

Title   <u>German Esparza v. Ken Clark</u>

'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Thus, absent tolling, the AEDPA statute of limitations expired one year later, on May 29, 2002. See 28 U.S.C. § 2241(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). However, Petitioner did not commence the pending federal habeas action until April 2022. Consequently, the Petition is facially untimely by nearly twenty years and subject to dismissal. 28 U.S.C. § 2244(d).

In the Petition, Petitioner states that "Senate Bill 1437 was enacted in 2019, and thus could not have been appealed." (Dkt. No. 1 at 6.) The Court construes this allegation in the only way it could be favorable to Petitioner, that he is arguing for an alternative start of the AEDPA limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D). However, Petitioner does not allege that "State action in violation of the Constitution or laws of the United States" prevented his timely filing; there are no facts presented on the face of the Petition invoking 28 U.S.C. § 2244(d)(1)(B). Further, Petitioner is expressly bringing this challenge to his sentence based on newly enacted *state* law, not a federal constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). There are also no facts to support a later start date to the limitations period based upon "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(D). The only "fact" Petitioner alleges he discovered was the enactment of a new state statute whose provisions allegedly provide legal support for his claim for relief. Consequently, subsection 2244(d)(1)(D) does not apply in this case. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2013) (the "due diligence" clock in subsection 2244(d)(1)(D) "starts ticking when a person knows or through diligence could discover the vital facts, *regardless of when their legal significance is actually discovered*.") (emphasis added). The face of the Petition does not establish an alternate start date to AEDPA's statute of limitations based on the passage of Senate Bill 1437 or Petitioner's discovery of the new state law.

It also appears that Petitioner is not entitled to any statutory tolling. As noted above, there is no record of Petitioner filing any state habeas petitions. Moreover, even to the extent Petitioner would argue that his 2019 motion for resentencing and subsequent appeals should toll the limitations period, that litigation was commenced more than 17 years after the AEDPA limitations period expired. Therefore, none of Petitioner's postconviction filings in the state courts would qualify for statutory tolling in any case. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2945-ODW (KS)                                                    Date: May 9, 2022

Title   *German Esparza v. Ken Clark*

("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Further, Petitioner does not allege, and there are no facts or evidence to indicate, that Petitioner is entitled to equitable tolling.  Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor has he established diligence in pursuing his rights. *See Holland*, 560 U.S. at 645 (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).

The Petition, filed on April 29, 2022, missed the 2002 AEDPA deadline by nearly two decades; the Petition is subject to dismissal under 28 U.S.C. § 2244(d)(1) and Habeas Rule 4.

**V.    The Petition Asserts Only a Noncognizable Claim for Federal Habeas Relief**

Petitioner is solely challenging the state court's denial of his resentencing petition based upon recently enacted statutory amendments to California's criminal statutes. (Dkt. No. 1 at 5.) However, Petitioner may only seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted).  A federal habeas court is bound by, and may not revisit, state court interpretations of state law, including the state courts' determination here that Petitioner does not qualify for resentencing under the provisions of Senate Bill 1437. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) (per curiam).[3]

---

[3]   Both the trial court and the California Court of Appeal concluded that Petitioner "was not convicted based on the felony-murder rule or based on a natural and probable consequences theory" and was, therefore, categorically ineligible for resentencing under recently enacted California Penal Code section 1170.95. *People v. Esparza*, 2020 WL 6778636, at *2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 22-2945-ODW (KS)                                              Date: May 9, 2022

Title   *German Esparza v. Ken Clark*

**VI.   Conclusion and Order**

In sum, it is appears from the Petition and available state court records that Petitioner is not entitled to relief because this action is untimely and the only claim raised in the Petition is not a cognizable, federal claim. Consequently, the Petition is subject to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to correct these defects.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than May 23, 2022, shall file a First Amended Petition that does all of the following:**

(1) **Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
(2) **Asserts claims solely arising under "the Constitution, laws, or treaties of the United States";**
(3) **Clearly identifies the date on which the statute of limitations began to run on Petitioner's claims; and**
(4) **Establishes that the Petition is timely.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED.**

                                                                        :
                                                **Initials of Preparer**   gr